Robert Wooten
2478 Van Buskirk St.
Stockton, CA. 95206
(209)        992-8101
PRO-SE



**FILED**

MAY 19 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ dΝΟ
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

2:22 - CV - 850 - TLN CKD PS

Robert Wooten
    Petitioner

V

The State of California
    Defendant;

Gavin Newsom, Real
Party In Interest

------------------------------

**EMERGENCY RELIEF REQUEST**

RE: ELECTIONS CHALLENGE
COMPLAINT FOR VIOLATIONS OF
The First, Fourth, Fifth, Fourteenth And
Fifteenth Amendments to the United
States Constitution; &Related State Law

INTRODUCTION

1. Petitioner, Robert Wooten is purportedly a citizen of the United States by virtue of birth. He is an Elector of the State of California.

2. Petitioner has attempted to have the Sacramento Superior Court determine the eligibility of Governor Gavin Newsom to hold a position of public trust under the laws of the State of California since Newsom was elected Governor of the State in 2018.

3. Prior to the recall election of Newsom in 2021, Petitioner filed an emergency action in the California Supreme Court asking that Court to determine the issue. That Court refused.

4. There is a gubernatorial primary election scheduled for June 7, 2022. It is extremely

PLEADING TITLE - 1

possible that millions of voters will cast their votes for a person that has forfeited his right, under the laws of the State of California, to hold a position of public trust in the State.

5. Petitioner intends, if GOD is willing, to carry this matter all the way to the United States Supreme Court. It would truly be a sad day for the State of California to squander an election, with all its associated expenses on an ineligible candidate; not to mention the possibility other eligible candidates may have chosen to run had Newsom been declared ineligible .

6. For those reasons, and others set out below, Petitioner petitions this Court for an order, writ, injunction, or other appropriate relief, as the Court deems proper, directing the State of California to resolve this matter prior to the forthcoming June 7, 2022  primary election.

BACKGROUND

7. Gavin Newsom is a former Mayor of the City and County of San Francisco. As mayor, he "directed" or "instructed" City and County officers to alter State marriage license and recording laws to permit homosexuals to "marry."

8. The California Attorney General filed suit in the California Supreme Court to stop the improper activity. Newsom was sued in his official capacity as Mayor of the City and County.

9. The California Supreme Court determined the issue before it was whether a local government executive could decline to perform a ministerial function based solely on that official's opinion the law was unconstitutional prior to a judicial determination the statute was in fact, unconstitutional.

10. The Court answered its question by declaring the official could not decline to perform his ministerial duties based solely on his opinion the law was unconstitutional.

11. The Court stated, "To the extent the Mayor (Newsom) purported to "direct" or "instruct" the County Recorder to take specific actions.....We conclude he exceeded the scope

PLEADING TITLE - 2

of his authority.

12. "We shall issue a writ of mandate directing (City) officials to take the necessary remedial steps to undo the continuing effects of the (City) officials past unauthorized actions."

STATUTES AND LAWS

13. The California Constitution, Article III, Section 3.5, states, in part, "....An administrative agency.... has no power: (a) To declare a statute unenforceable, or refuse to enforce a statute , on the basis of it being unconstitutional unless an appellate court has made a determination that the statute is unconstitutional: (b) To declare a statute unconstitutional: (c) To declare a statute unenforceable, or refuse to enforce a statute on the basis that federal law or federal regulation prohibit the enforcement of such statute unless an appellate court has made such a determination.

14. Article VII, Section 8, Subdivision (b) directs, "Laws shall be made to exclude persons convicted of bribery, perjury, forgery, malfeasance in office, OR OTHER HIGH CRIMES from office or serving on juries...."

15. Although the section is mandatory, it is not self executing and requires legislation to give it effect. Lubin v Wilson, 284 Cal. Rptr. 70, quoting from Helena Rubenstein v Younger (1877) 71 Cal. App. 3d 206, 420.

16. The California Government Code 1021 provides, "A person is disqualified from holding any office upon conviction of designated crimes as specified in the Constitution and laws of the State. Similarly, section 3000 provides an officer forfeits office upon conviction.

PLEADING TITLE - 3

17. Section 1770 enumerates events causing a vacancy in office, including death, incapacity, resignation, and 'conviction of a felony, or any offense involving a violation of his or her official duties."

18. "An officer shall be deemed to have been convicted under this subdivision when trial court judgment has been entered. FOR PURPOSES OF THIS SUBDIVISION, 'TRIAL COURT JUDGMENT MEANS A JUDGMENT BY THE TRIAL COURT EITHER SENTENCING THE OFFICER OR OTHERWISE UPHOLDING AND IMPLEMENTING THE PLEA, VERDICT OR FINDING."

19. Section 1770.2 provides, A person found guilty "shall not assume the office for which he is otherwise qualified..."

20. The literal language of 1770, subdivision (h) indicates either of two types of conviction trigger vacancy, specifically, felony convictions and convictions for offenses involving a violation of official duties." Lubin, supra.

The California Constitution Article XX, Section 3 states, "Members of the Legislature, and all public officers and employees, executive, legislative, and judicial, except such inferior officers and employees as may be by law exempted, shall, before they enter upon the duties of their respective offices, take and subscribe the following oath, I, NAME, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the state of California against all enemies, foreign and domestic; that I bear true faith and allegiance to the Constitution of the United States, and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion ; and that I WILL FAITHFULLY DISCHARGE THE duties upon which I am about to enter."

ARGUMENT

PLEADING TITLE - 4

21. The issue of when a person is convicted of a crime for purposes of exclusion from public office is of general public interest and is likely to recur. Accordingly, these proceedings are not rendered moot by the fact that Lieutenant Governor Reinecke no longer holds office; Fields v Eu 18 Cal. #d 322, 325.

22. The Sacramento Superior Court is of the opinion the matter does not need to be addressed at this time as the election which raised the eligibility challenge is over three years old and the law states the challenge must be held in no more than twenty days from the election.

23. Petitioner's response is that of the Supreme Court; eligibility is of general public interest. This exact scenario has occurred in the past, and in all likely-hood, will occur again at some time in the future. Local government executives must be made to understand the law applies to them as much as it does to everyone else.

24. Unfortunately, the Legislature has improperly chosen to tie eligibility challenges to elections. The California Constitution, Article II, Section 7, states, "All political power is inherent in "The People."

25. By what authority does the Legislature limit the political power of "The People" by restricting the time in which "The People" have statutory power to challenge the eligibility of a candidate for state-wide office.

26. If all political is inherent in "The People," any person should be able to challenge a candidate's eligibility as soon as the candidate announces his candidacy.

27. The FIFTEENTH AMENDMENT grants the right to vote to all male men. The NINETEENTH AMENDMENT grants suffrage to a females. The TWENTYSIXTH AMENDMENT permits kids to vote.

PLEADING TITLE - 5

28. Voting should not be limited to making a mark on a piece of paper. The right to vote should be deemed to consist of every element of the political franchise. Suffrage is the ability to vote in the election of public officials and the adopting or rejection of proposed legislation.

29. It governs the means by which one persuades another to alter or accept the opinion of the speaker in regard to the methods by which the community at large regulates its affairs.

30. Elections are the method by which republican democracy's eliminate undesirables from the pool of acceptable candidates. The sooner undesirables are eliminated from the candidates pool, the better.

31. The fastest way to eliminate a candidate that has forfeited his right to hold a position of public trust under the laws of the State is to challenge his candidacy PRIOR to the election. As soon as such a candidate announces he should be susceptible to challenge. It makes no sense to allow such a candidate to solicit funds, campaign, tour, make speeches; win the election, and then be declared to be ineligible to hold office.

32. The terms "malfeasance in office" and negligence of duty are comprehensible terms and indicate wrongful conduct that affects or interrupts or interferes with the performance of official duties.(citation omitted)

33. Mayor Newsom, in his official capacity as Mayor, "directed" or "instructed" City officials to alter State marriage license and recording statutes to permit homosexuals to "marry." He then "directed" or "instructed" these same officials to conduct unlawful "marriages." These unofficial acts both interrupted and interfered with the performance of official City and County duties so as to constitute "malfeasance in office."

34. The Sacramento County Superior Court has refused to adjudicate this matter for almost four years. There is simply no justification for that courts violation of the law.

PLEADING TITLE - 6

35. By refusing to grant a hearing on the matter, that court has violated the First, Fourth, Fifth, Fourteenth, and Fifteenth Amendments to the United States Constitution. That is why Petitioner is appealing to this Court for relief.

36. The Supreme Court has determined political speech is the highest form of speech protected by the First Amendment. That is arguable; Religious speech should come prior to that.

37. Nevertheless, in order to conduct political speech, one must have a platform, or some other method of calling attention to his purported message. Petitioner is not a politician, he is not a public figure; he is simply a concerned citizen seeking to see that the laws are enforced.

38. That is the duty of the courts; to enforce the law. That is why Petitioner filed suit in court; to have access to a public platform where he may express his opinion in regard to an alleged violation of the law before a tribunal with the necessary authority to enforce the law against all violators.

39. Political speech, to be efficacious, must be conducted before a power with the authority to decide the issue, coupled with the authority to enforce that decision; i.e. a court of law. The First Amendment commands political speech have access to the courts when, as here, it is necessary to accomplish adherence to the law.

40. In Corfield v Coryyell CC 371 (1823) 6 Fed, Case 546, a dispute involving the raking of oysters in the Delaware Bay by a citizen of Delaware; New Jersey officials seized the citizen of Delaware 's boat.

41. During the trial, the question was asked , what was meant by the Fourth Amendment's "privileges and immunities" clause. To which Circuit Judge Bushrod Washington replied, "to institute and maintain actions of any kind in the courts of the state maybe mentioned as some of the privileges and immunities of citizens which are clearly embraced by the description of

PLEADING TITLE - 7

privileges deemed to be fundamental."

42. The Fifth and Fourteenth Amendments both command "due process of law." The Fourteenth goes further by declaring "No State shall make or enforce any law which abridge the privileges and immunities of a citizen of the United States."

43. By refusing to grant Petitioner a hearing to express his public opinion on the eligibility of Newsom to hold a position of public trust in the State of California, the Sacramento Superior Court is abridging a privilege of a citizen of the United States; as defined by Judge Washington, above.

44. . The Fourteenth Amendment protects the First Amendment rights of freedom of speech from infringement while protecting the citizen from unreasonable governmental control

45. While abridging the privilege to challenge Newsom's eligibility, the Sacramento court is simultaneously depriving Petitioner of the Due Process of the Law by refusing Petitioner the right; under the Fifteenth Amendment to actively participate in the elective franchise as commanded by that Amendment.

## CONCLUSION.

It is abundantly clear to Petitioner the courts of the State do not want to declare a popular governor to be ineligible to hold office. No one should be deemed to be above the law. Everyone should be prepared to accept that realization.

Forfeiture should be one of the decision making alternatives in making such a decision. There are consequences to all of our decisions and when one deliberately chooses to violate the law one should be prepared to suffer the logical consequences of ones actions.

PLEADING TITLE - 8

The citizen has a right to expect integrity from elected officials. One does not need to agree with a law but he must accept it. There are legal methods for overturning bad laws and those are the methods that should be pursued; not illegal ones.

The judicial system in the United States is fractured; and is in need of repair. The California Supreme Court routinely refuses to uphold California Law. In the same sex marriage case the California Attorney General and the Governor both refused to defend majority California voters and defend the state constitutional ban on same sex marriage.

The Court said it was permissible for interveners to defend the ban. A practicing homosexual was assigned by the Ninth Circuit to preside over the trial. What outcome could a practicing homosexual arrive at other than the sin was acceptable.

When the matter reaches the U,S. Supreme Court, that Court said interveners had no authority to litigate the case and dismissed the appeal.

If interveners had no standing in the Supreme Court, they had no standing in any federal court. When the California Supreme Court refused to   command state officials to defend the state constitutional ban; why did the U. S. Supreme Court allow Vaughn walker to squander Millions of dollars on a fake trial.

If interveners had no federal standing why permit a judicial façade. And yet, it happened; all under the guise of judicial ethics.

PRAYER

What can I ask for? Justice?

·MAY, 17, 2022

R. Wooten

PLEADING TITLE - 9

Robert Wooten
2478 Van Buskirk St.
Stockton, CA. 95206
(209)     992-8101     .

IN PRO-PER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SACRAMENTO

Robert Wooten                               CASE NO. 34-2018-00246216

    Plaintiff, Contestant                   ELECTIONS CONTEST

V

Gavin Newsom
    Defendant

    This reply is in response to your communication of 01/26/2022 in which you stated "The court cannot take any action on this case until the "PETITION" has been properly served..

    PLEASE!!!!! Take notice that this is not a petition. It is an elections challenge challenging the eligibility of Gavin Newsom to hold a position of public trust in the State.

    The challenge is based on Newsom's willful violation and conviction of State law while he was Mayor of the City and County  San Francisco.

    Elections Code, Section 16440 states: " This Article applies only to contests (based) on the grounds that (a) The defendant is not eligible to (hold) the office in dispute: (b) the Defendant has committed any offense against the elective franchise ....

    16442 .... After the affidavit is filed with the clerk of the superior court a copy of the affidavit shall be personally served or sent by registered mail (to the defendant).

    16,501 the clerk of the superior court shall thereupon issue a citation to the Defendant to appear at the time and place specified in the order (to appear).

    It is for you to send a copy of the complaint to the Defendant, advise him of his rights and order him to appear along with myself.

                                         Robert Wooten

2/25/22                                     Robert Wooten

PLEADING TITLE - 1

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SACRAMENTO**
**GORDON D SCHABER COURTHOUSE**

## MINUTE ORDER

DATE: 01/26/2022                    TIME: 01:30:00 PM          DEPT:  18

JUDICIAL OFFICER PRESIDING: Stacy Boulware Eurie
CLERK:  B. Sierra
REPORTER/ERM: N/A
BAILIFF/COURT ATTENDANT:

CASE NO: **34-2018-00246216-CU-WM-GDS**CASE INIT.DATE: 12/10/2018
CASE TITLE: **Wooten vs. Gavin Newsome**
CASE CATEGORY: Civil - Unlimited

---

**EVENT TYPE**: Ex Parte Non-Appearance - Ex Parte Calendar

---

**APPEARANCES**
No Appearance by all parties

---

The court has received a document from Plaintiff captioned "Elections Challenge." Department 18 handles election challenges. According to the court's files, however, it does not appear Respondent has been properly served with the lawsuit. Although the file contains a proof of service by mail, this is not one of the service methods authorized by California Code of Civil Procedure §§ 413.10 – 417.40. The court cannot take any action on this case until the petition has been properly served.

The court cannot serve the respondent. Serving the respondent remains Plaintiffs responsibility.

---

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

| | | | |
|---|---|---|---|
| DATE/TIME | : DECEMBER 21, 2021 | DEPT. NO | : 47 |
| JUDGE | : RUSSELL L. HOM | CLERK | : E. BERNARDO |
| REPORTER | : NONE | BAILIFF | : NONE |

PRESENT:

ROBERT WOOTEN
　　　　Petitioner,

VS.　　　　Case No.: 34-2019-00256923

GAVIN NEWSOME,
　　　　Respondent.

---

**Nature of Proceedings:**　　　　**TRANSFER ORDER**

The above-entitled cause is currently assigned to Judge Laurie M. Earl in Department 23. This matter is hereby transferred to Judge Stacy Boulware Eurie in Department 18 for all purposes. The Notice of Case Reassignment is included in this minute order.

Any hearing currently set in Department 23 will be heard by Judge Boulware Eurie in Department 18, subject to rescheduling to accommodate Department 18's calendar. You will be contacted if the time and/or date of your hearing will be rescheduled. Pursuant to Local Rule, the court will make a tentative ruling on the merits of this matter by 2:00 p.m. the court day before the hearing. You may access and download the tentative ruling from the court's web site at www.saccourt.ca.qov. If you do not have online access, you may obtain the tentative ruling over the telephone by calling the courtroom clerk at (916) 874-5245.

**NOTICE OF CASE REASSIGNMENT**
**Proceeding for Petition for Writ of Mandate**

This case has been reassigned for all purposes to the Judge Stacy Boulware Eurie in Department 18 pursuant to rule 3.734 of the California Rules of Court and Sacramento Superior Court Local Rule 2.26. It is exempt from the requirements of the Trial Court Delay Reduction Act and the Case Management Program under Chapter 2, Part 4 of the Sacramento Superior Court Local Rules. You may contact the clerk in Department 18 to schedule judicial proceedings in this matter, including hearings on ex parte applications and noticed motions.

| | | |
|---|---|---|
| BOOK | : DEPT 47 | **Superior Court of California,** |
| PAGE | : | **County of Sacramento** |
| DATE | : DECEMBER 21, 2021 | |
| | : | |
| | : | BY:　E. BERNARDO, |
| | | 　　　Deputy Clerk |

**Page 1 of 2**

**PROCEEDINGS: TRANSFER ORDER**                              **DEPARTMENT: 47**

    Any administrative record must be lodged with Department 18 no sooner than 25 days before the scheduled hearing date on the merits of the petition. Check with the clerk in Department 18 for how the judge prefers the administrative records be formatted. An electronic copy of all administrative records is likewise required on portable thumb drive format.

Petitioner is ordered to provide Respondent with a copy of this minute order.

**BOOK**    : DEPT 47
**PAGE**    :
**DATE**    : DECEMBER 21, 2021
          :

Superior Court of California,
County of Sacramento

BY:  E. BERNARDO,
_____
Deputy Clerk

**Page 2 of 2**

# SUPERIOR COURT OF CALIFORNIA
### SACRAMENTO
### 720 Ninth STREET
### Sacramento, 95814-1311
### (916) 874-5522

## NOTICE OF CASE RE-ASSIGNMENT
Wooten vs. Gavin Newsome
**34-2018-00246216-CU-WM-GDS**

Your case has been re-assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided to any new parties that you bring into this action.

**Assigned Judge:**

**Start Date:** 12/21/2021                                                                              Dept # 18

## SCHEDULING INFORMATION

| Judicial Scheduling Calendar Information |
|---|
| |
| **Ex Parte Matters** |
| |
| **Noticed Motions** |
| |
| **Other Information** |
| |

Date: 12/21/2021                                                        /s/ E. Bernardo
                                                        _____
                                                                                              Deputy

---

**NOTICE OF CASE RE-ASSIGNMENT**                                                        **Page: 1**

SUPREME COURT
F I L E D

SEP 0 1 2021

Jorge Navarrete Clerk

_____
Deputy

S270525

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

ROBERT WOOTEN, Petitioner,

v.

GAVIN NEWSOM, as Governor, etc., Respondent.

---

The petition for an injunction, a writ of prohibition, or other emergency relief is denied.

CANTIL-SAKAUYE
_____
*Chief Justice*

ROBERT WOOTEN

2478 Van Buskirk St.

Stockton, CA. 95206

(209(      992-8101

IN THE SUPREME COURT

OF THE STATE OF CALIFORNIA

**EMERGENCY ACTION REQUESTED**

PETITION FOR AN INJUNCTION, WRIT OF

PROHIBITION, OR OTHER EMERGENCY

RELIEF. ELECTIONS CHALLENGE

WHEREAS: Gavin Newsom is the Governor of the State of California.

WHEREAS: There is a recall election scheduled for September 14, 2021.

WHEREAS: The cost of the recall election is estimated to be 276,000,000.

WHEREAS: This Court has tried this matter in Lockyer v City and County of San Francisco, 33 Cal. 4th 1055 (2004), and is uniquely suited to resolve this issue.

WHEREAS; exigency's of time and cost, demand this Court resolve this matter as expeditiously as possible.

WHEREAS: It is alleged Gavin Newsom has forfeited his right under the laws of the State of California to hold a position of public trust:

THIS PETITION SEEKS TO ENFORCE GOVERNMENT CODE SECTION 1770

RECEIVED

AUG 1 6 2021

CLERK SUPREME COURT



## Superior Court of California
County of Sacramento

720 Ninth Street ~ Department 25
Sacramento, CA  95814
(916) 874-8727

July 26, 2019

Robert Wooten
2478 Van Buskirk Street
Stockton, CA 95206

Re: Wooten vs. Gavin Newsome (34-2018-00246216)

Mr. Wooten:

You have asked the court to schedule a hearing on the merits of your petition for writ of mandate. According to the court's files, it does not appear Respondent has been properly served with the petition. Although the file contains a proof of service by mail, this is not one of the service methods authorized by California Code of Civil Procedure §§ 413.10 – 417.40. (Civ. Proc. Code § 1096 [writ must be served in the same manner as a summons in a civil action]; Civ. Proc. Code §§ 413.10 – 417.40 [discussing allowable methods of service].) The court cannot take any action on this case until the petition has been properly served.

Thank you,

D. Bearor
Courtroom Clerk, Department 25

Robert Wooten
2478 Van Buskirk St.
Stockton,CA. 95206
209 992-8101

**FILED/ENDORSED**

JAN - 4 2019

By: _____ E. Toscano _____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

ROBERT WOOTEN
. Plaintiff

v

GAVIN NEWSOME
Defendant

Case NO. 34-2018-00246216:

AmENDED

This is an Elections Challenge. It is brought pursuant to the Election's Code, Section 16000. The action is brought unde 16100, 16440, 16444, 16520 and related Government Code Sections 1021, 1770, and 3000.

1. This action challenges the election of Gavin Newsome as governor of the State based on the allegation that he has lost the right to hold a position of public trust under the laws of the State.

2. The proceeding is governed by the applicable sections of the California Elections Code Section 16100 states the grounds for contesting a general election. Any "elector" may challenge the election of an individual based on the ground(s) the person elected is not qualified to hold the office in question.

3. The challenge is based on the California Elections Code and is not subject to the normal

ELECTIONS CHALLENGE - 1

**SUPERIOR COURT OF CALIFORNIA,**

COUNTY OF SACRAMENTO

CIVIL

TENTATIVE RULINGS - June 07, 2019

EVENT DATE: 06/13/2019          EVENT TIME:  08:30:00 AM          DEPT.: 39

JUDICIAL OFFICER:


CASE NO.:    34-2018-00246216-CU-MC-GDS

CASE TITLE:  WOOTEN VS. GAVIN NEWSOME


CASE CATEGORY: Civil - Unlimited          CASE TYPE:  Misc Complaints - Other


EVENT TYPE:  Case Management Conference - Case Management Program

CAUSAL DOCUMENT/DATE FILED: Complaint, 12/10/2018

No appearance is required under the following conditions:

The Order to Show Cause Re: Compliance - Case Management Program  is scheduled for 07/18/2019 at 08:30 AM in Department 39.

An Attorney Compliance Statement shall be filed not less than fifteen (15) days prior to hearing.

New Case Management Statements shall be filed by all parties no later than 15 days prior to the hearing pursuant to Local Rule 2.51.

If Answers, Defaults and/or Dismissals for all Defendants/Cross-Defendants are not on file at the time of Order to Show Cause Re: Non-Compliance, this case will be set for Order to Show Cause Re: Dismissal

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br><br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME: Gordon D Schaber Courthouse<br><br>PHONE NUMBER: (916) 874-5522 | FOR COURT USE ONLY |
|---|---|
| **SHORT TITLE:** Wooten vs. Gavin Newsome | |

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2018-00246216-CU-MC-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 06/13/2019 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
   -Served all parties named in the complaint within 60 days after the summons has been issued
   -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
   -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR       Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 12/12/2018

_David W. Abbott_
David W. Abbott, Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

**Superior Court of California, County of Sacramento**

720 Ninth Street
Sacramento, CA 95814-1311

### PAYMENT RECEIPT

Receipt #: 945669

| Clerk ID: nyoung | Transaction No:  2033620 | Transaction Date:  12/12/2018 | | Transaction Time:  09:46:57 AM | | |
|---|---|---|---|---|---|---|

| | | Qty | Amount | Unit Price | Amount Paid | Rem. Balance |
|---|---|---|---|---|---|---|
| 34-2018-00248216-CU-MC-GDS | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |

|  |  |
|---|---|
| Sales Tax: | $0.00 |
| Total: | $435.00  Total Rem. Bal:  $0.00 |

Check Number(s): 56031010

| | |
|---|---|
| Money Order: | $435.00 |
| Total Amount Tendered: | $435.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

# ORIGINAL

Page: 1

Case 2:22-cv-00850-TLN-CKD   Document 1   Filed 05/19/22   Page 23 of 28

| Packet reviewed by: | K. SPICHKA | For Court use only | | DEC 1 0 2018 |
|---|---|---|---|---|
| | | Date: | | |

## Sacramento Superior Court – Gordon D. Schaber Civil Document Drop-Off Sheet
### 720 9ᵗʰ Street, Room 102, Sacramento, CA  95814

**A SEPARATE SHEET MUST BE COMPLETED AND ATTACHED TO EACH SORTED BUNDLE.**
*The last page of the original and each copy of the filing must be time/date stamped.*

*Note: APPEALS Documents – __MUST__ be filed at the Civil Appeals Counter, Window 14 in Room 102 – Documents NOT accepted via the drop box*

Contact Name: ROBERT WOOTEN _____ Contact Phone #: 209-992-8101

☐ **Return Documents by Mail to** R. WOOTEN, 7478 VAN BUSKIRK ST. STKN. CA. 95206
**(Full Name and Address)**

☐ **Place Documents in Attorney Box under: (Attorneys/Law Offices only)** _____ )

**Method of Fee(s) Payment:** ☒ Check ☐ Credit Card ☐ Fee Waiver(s) Attached    *__Do not__ place cash in the drop box.*

| No. of Documents | Document Name | No. of Documents | Document Name |
|---|---|---|---|
| | Amended Complaints | | Motions (*Except – In Limine filed in the trial department*) |
| | Amendments to Complaint | 2 | New Complaint (w/ Summons, Civil Case Cover Sheet, Declarations ) |
| | Answers / Cross Complaints/Summons/ Amended | | New Complaint – Unlimited Unlawful Detainer |
| | Arbitration and Mediation Documents | | Notices – General/Other |
| | Case Management Processing Documents (CMP) | | Orders of Examination |
| | Default / Judgment  UNLAWFUL DETAINER CASES | 1 | Proofs of Service  and Non-Service |
| | Default ONLY | | Satisfactions of Judgment |
| | Defaults with Judgment Packet - Clerk | | Stipulations  Non Law & Motion Dept. |
| | Defaults with Judgment Packet - Court | | Substitution of Attorney |
| | Dismissals, Request for | | Writ of Mandate Documents |
| | Ex Parte Applications   Dept. 47 | | Writs/Abstracts |
| | Fees – Jury  or Court Reporter Fees | | Other: ELECTIONS CHALLENGE |
| | Limited Civil – Case Status Memorandum | | |
| | Limited Civil – Stipulation and Order to Arbitration/Mediation | | |

*Law and Motion documents (Dept. 53 & Dept. 54 Only) MUST be filed at the Hall of Justice Building 813 6ᵗʰ Street, Room 212, Sacto., CA  95814*

**For Civil Document Filing Locations, see the Civil Document Filing Guidelines at www.saccourt.ca.gov.**

Revised 09-01-2016

Robert Wooten
2478 Van Buskirk St.
Stockton,CA. 95206
209 992-8101

FILED
Superior Court Of California,
Sacramento
12/10/2018
nyoung
By_____ Deputy
Case Number:
34-2018-00246216

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

ROBERT WOOTEN
   Plaintiff

   v

GAVIN NEWSOME
   D

CASE NO.

1. This action challenges the election of Gavin Newsome as governor of the State.

2. The proceeding is governed by the applicable sections of the California Elections Code Section 16100 states the grounds for contesting a general election. Any "elector" may challenge the election of an individual based on the ground(s) the person elected is not qualified to hold the office in question.

3. The challenge is based on the California Elections Code and is not subject to the normal rules of civil procedure. Dorsey v Barry, 24 Cal. App. 2d 55

ELECTIONS CHALLENGE - 1

RECEIVED
CIVIL DROP BOX

2018 DEC 10 PM 2:51

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | | | |
|---|---|---|---|
| **DATE** | : September 5, 2018 | **DEPT. NO.** | : 17 |
| **JUDGE** | : James P. Arguelles | **CLERK** | : Slort |
| **REPORTER** | : N/A | **BAILIFF** | : N/A |

ROBERT WOOTEN,
     Plaintiff,

                    Case No. 34-2018-80002925

vs.

GAVIN NEWSOME,
     Defendant.

---

NATURE OF PROCEEDINGS:  COURT ORDER

The court has received and reviewed Petitioner Wooten's objections to the court's motion to dismiss the petition.  Finding no merit to the objections, the court hereby denies the election contest and dismisses the action.  The court affirms its ruling dated August 15, 2008, with the following corrections: (1) the misspelling of the word "primary" in the third paragraph, and (2) the misspelling of the word "Code" in the fifth paragraph.

SO ORDERED.

Dated: September 5, 2018



Hon. James P. Arguelles
California Superior Court Judge
County of Sacramento

**CERTIFICATE OF SERVICE BY MAILING – ATTACHED**

---

DEPT: 17                  COURT ORDER               Page 1 of 2

Robert Wooten
2478 Van Buskirk St.
Stockton,CA. 95206
209        992-8101

1

| | |
|---|---|
| ROBERT WOOTEN<br>Contestant | CASE NO. 34-2018-80002925- |
| v | OBJECTIONS TO COURT ORDER<br>DISMSSING THIS ELECTION'S<br>CHALLENGE. |
| GAVIN NEWSOME<br>Defendant | |

1. The first issue disputed is that the courts notice was short. I should have been given at least ten days to respond. The notice is dated August 15. Ten days would be the 25th. The 25th was on a Saturday. I would then have until the following Monday, the 27th to file this response. As this is being prepared on the 26th, I am alleging it will be timely mailed on Monday, the 27th.

2. Under the provisions of the elections code, all that is necessary is for the contestant, (any elector), to file an affidavit within 30 days after the closing of the last canvass of the election returns stating the objections brought under the elections code.

3. Elections code section 16403 states that a statement of the grounds of the contest shall not be rejected nor the proceedings dismissed by any court for want of form.

ELECTIONS CHALLENGE - 1

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

| | | | |
|---|---|---|---|
| DATE | : August 15, 2018 | DEPT. NO. | : 17 |
| JUDGE | : James P. Arguelles | CLERK | : Slort |
| REPORTER | : N/A | BAILIFF | : N/A |

ROBERT WOOTEN,
     Plaintiff,

    Case No. 34-2018-80002925

vs.

GAVIN NEWSOME,
     Defendant.

---

**NATURE OF PROCEEDINGS:  COURT ORDER**

Plaintiff Robert Wooten has filed an "Elections Challenge" challenging whether Gavin Newsom, the Democratic candidate for Governor, is eligible to hold that office.  Plaintiff alleges that in 2004, Newsom, as Mayor of San Francisco, committed "malfeasance" in office by directing local officials to issue marriage licenses to same-sex couples in disregard of California statutes.  Plaintiff alleges that the California Supreme Court subsequently concluded that city officials had exceeded their authority in issuing marriage licenses to same-sex couples in the absence of a judicial determination that the statutory provisions are unconstitutional. (See *Lockyer v. City and County of San Francisco* (2004) 33 Cal.4th 1055, 1056.)  Plaintiff alleges that the Supreme Court's opinion should be deemed an "implicit conviction" of Newsom for violating his official duties, thereby disqualifying him from holding public office under Government Code sections 1021, 1770, and 1770.2.

Although this case was treated as a petition for writ of mandate at the time it was filed, Plaintiff contends that he, in fact, filed an election contest under section 16440 of the Elections Code.  The court agrees that Plaintiff is attempting to invoke the procedures for contesting an election, but the court does not agree that Plaintiff has properly invoked those procedures.

The procedures for contesting an election are governed by the applicable provisions of the Elections Code. (Cal. Elec. Code § 16000 et seq.)  The procedures differ depending on whether the contestant is challenging a general or primate election.  Section 16100 furnishes the ground for contesting a general election, while section 16101 delineates the grounds for contesting a primary election. (See *Cummings v. Stanley* (2009) 177 Cal.App.4th 493, 503; see also 20 Cal. Forms of Pleading and Practice – Annotated § 243.80.)

Section 16101 provides, in relevant part, that "[a]ny candidate at a primary election may contest the right of another candidate to nomination to the same office by filing an affidavit alleging any of the

---

DEPT: 17             COURT ORDER             Page 1 of 3