UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOOTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA and GAVIN NEWSOM,<br><br>    Defendants. | No. 2:22-cv-00850-TLN-CKD<br><br>**ORDER** |

On October 25, 2022, the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether Plaintiff's *in forma pauperis* ("IFP") status should continue on appeal or whether the appeal is frivolous or taken in bad faith.  (ECF No. 14 at 1 (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).)

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "The test for allowing an appeal [IFP] is easily met . . . [t]he good faith requirement is satisfied if the [appellant] seeks review of any issue that is 'not frivolous.'"  *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v. U.S.*, 369 U.S. 438 445 (1962)); *see also Hooker*, 302 F.3d at 1092 (noting that an appeal is taken in "good faith" if it seeks review of "non-frivolous" issues and holding that if at least one issue or claim is non-frivolous, the appeal must proceed IFP as a whole).  An action is frivolous "where it

lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

On June 3, 2022, the magistrate judge ordered Plaintiff, who was proceeding *pro se*, to show cause no later than June 20, 2022, as to why the action should not be dismissed for lack of subject matter jurisdiction. (ECF No. 4.) The magistrate judge explained, "[P]laintiff's brief and conclusory allegations do not state a federal claim against any [D]efendant." (ECF No. 4 at 1.) Plaintiff did not file a timely response to the order to show cause. The magistrate judge thus issued findings and recommendations that the action be dismissed for lack of jurisdiction. (ECF No. 5.) Plaintiff filed objections on July 18, 2022. (ECF No. 6.) This Court reviewed the filings — including Plaintiff's objections (which mirrored and failed to clarify the insufficient allegations from the Complaint) — and adopted the findings and recommendations in full and dismissed the action on August 16, 2022. (ECF No. 7.)

Based on the record before it, the Court cannot conceive of any valid grounds upon which an appeal can be based. The Court therefore finds that Plaintiff's appeal taken from its August 16, 2022 Order is frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Hooker*, 302 F.3d at 1092; *Neitzke*, 490 U.S. at 325. Plaintiff's IFP status on appeal should therefore be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *in forma pauperis* status on appeal is hereby REVOKED; and
2. The Clerk of the Court is directed to serve this Order on the Ninth Circuit Court of Appeals in Case No. 22-16635.

IT IS SO ORDERED.

**DATED: November 9, 2022**

Troy L. Nunley
United States District Judge